UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN EMERSON; DANIEL ENOS,

        Plaintiffs,

  v.

FREDERICK MITCHELL,

        Defendant.

No. 2:19-cv-1528-KJM-EFB PS

FINDINGS AND RECOMMENDATIONS

     Defendant Frederick Mitchell filed a notice of removal of this action from the Superior Court of the State of California for Yolo County. ECF No. 1. For the reasons explained below, this court lacks subject matter jurisdiction, and the case must be remanded to state court.

     The court has a sua sponte obligation to ascertain its jurisdiction and, when appropriate, to remand for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, defendant has failed to meet that burden.

/////

   The plaintiffs commenced this action in Yolo County Superior Court, seeking a temporary civil restraining order against the defendant. ECF No. 1 at 1. The defendant's notice of removal asserts that this court has jurisdiction because the plaintiffs filed a motion in a similar (if not identical) but separate action seeking a restraining order. *Id*. at 4. According to defendant's removal petition filed in this action, the plaintiffs had obtained a temporary restraining order in that other case—which was also removed to this court but subsequently remanded for lack of jurisdiction—but that restraining order had expired. The defendant now premises federal subject matter jurisdiction in this case on the fact that the plaintiffs filed in the other, remanded action a motion in state court to reinstate the expired restraining order, purportedly "under federal law 28 U.S.C. § 1450." *Id*. Based on that motion, filed in a different action, the defendant asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1450. *Id*. Defendant is mistaken.

   The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Accordingly, this court cannot look to pleadings in other case to assess whether jurisdiction is present in the instant case. There is nothing on the face of the complaint that can support federal question jurisdiction in the case.[1] The instant action is limited to a request for a civil restraining order under California Code of Civil Procedure § 527.6, and nothing the complaint suggest that the claim asserted arises under federal law. Accordingly, this court lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2]

---

[1] The underlying complaint alleges that the defendant stole the plaintiffs' dog, Lucy. ECF No 1 at 1.

[2] Nor has defendant established that this court has diversity jurisdiction, since the notice

Accordingly, it is hereby RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Yolo.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

of removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000. *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction plaintiff must allege diverse citizenship of all parties). It also does not appear that removal by defendant would be proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."